KAILIKEA (w), *non compos mentis,* by her next friend, SAMUEL KEKA, *v.* JOHN HAPA and KAPALI.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 25, 1901.        DECIDED JULY 13, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

On the evidence, the grantor in a certain deed is found to have been, at the time of the execution thereof, mentally unsound to such a degree that she was incapable of making a valid deed, and the instrument of conveyance is therefore declared null and void.

OPINION OF THE COURT BY PERRY, J.

This is a suit in equity wherein the relief prayed for is that the court declare null and void a certain deed executed on or about the thirty-first day of March, 1894, by complainant Kailikea (w) to respondent John Hapa. The grounds alleged in support of the prayer are that Kailikea, who is now about forty years of age, "was born an idiot and has remained *non compos mentis* from her birth to the present time," and that the respondent named procured the execution of the deed by fraudulent pretenses and deceit. The consideration named in the deed is one hundred dollars, while the value of the land thereby conveyed is alleged in the bill to be one thousand dollars. It further appears from the bill that Hapa subsequently conveyed the land in question to respondent Kapali, the latter, it is averred, taking with full knowledge of Kailikea's mental

unsoundness and of the fraud alleged to have been practiced upon her.

The answer of Kapali (Hapa filed no answer) denies the truth of the averments of idiocy and mental unsoundness of Kailikea and of fraud and admits that the consideration of the deed was one hundred dollars and the value of the land six hundred dollars. The court below granted a decree as prayed for and from that decree the case comes on appeal to this court.

The main issue in the case is as to whether or not Kailikea was, at the time of the execution of the deed, an idiot or mentally incapable of making a contract. On this issue considerable evidence was adduced by the parties herein. To review this evidence in detail seems to us to be unnecessary. While the allegation of idiocy, if that term means a total lack of understanding from birth, has not, in our opinion, been satisfactorily established, still we are satisfied upon all the evidence and find that ever since her early childhood Kailikea has been and at the time of the execution of the deed was mentally unsound to such a degree that she was incapable of executing a valid deed. We are satisfied, further, from the evidence that Hapa, who is the half brother of Kailikea, and Kapali had, at the time of the making of the deeds under consideration, full knowledge of Kailikea's mental condition and incapacity.

In view of these facts the deeds were properly declared null and void and ordered cancelled and set aside. The decree appealed from is affirmed.

*J. M. Davidson* for complainant.

*T. McCants Stewart* for respondent Kapali.